Joseph and Carolyn Murtha v. Commissioner.
Murtha v. Commissioner
Docket No. 33928.
United States Tax Court
1952 Tax Ct. Memo LEXIS 237; 11 T.C.M. (CCH) 435; T.C.M. (RIA) 52128; May 2, 1952
*237 Carolyn Murtha, for petitioner Joseph Murtha and pro se. George B. Grimball, Jr., Esq., for the respondent. OPPER
Memorandum Findings of Fact and Opinion OPPER, Judge: Respondent determined a deficiency in petitioners' income tax for 1947 of $529. The single question is whether respondent erred by disallowing a claimed deduction of $608 reported as a loss incurred in the operation of rented property. Findings of Fact Petitioners, husband and wife, residing in Whitestone, Long Island, New York, filed their joint income tax return for 1947 with the collector for the fourteenth district of New York. On December 1, 1946, petitioners, as lessees, and Helen Tuthill, petitioner Carolyn Murtha's mother, as owner, entered into a contract "effective January 1st 1947," whereby Mrs. Tuthill agreed to lease to petitioners property described as 672 East 224th Street, Bronx, New York. That instrument provided for rental payments of $3,600 annually payable in monthly installments of $300 and continued in part as follows: "All rents collected from any portion of said premises, whether now rented or which may be adapted for future rental, are to accrue to the benefit of Joseph *238 Murtha and Carolyn Murtha. "The owner agrees to pay all expenses in connection with said property for maintenance, repair, taxes, interest, ammortization and fuel and to paint and decorate at the discretion of the lessee, but in the latter instance at no more frequent intervals than would be required by Federal Rent Control Laws. "It is agreed that this contract shall be continuous until cancelled by either party giving the other six month's notice; after the giving of such notice, control of the property shall revert to the owner, but rents collected shall be for account of the lessee until termination of the contract. "It is also agreed that the lessee shall have the option, provided said option is exercised prior to the giving of any cancellation notice, to purchase said premises at the price of $15,000 (Fifteen Thousand Dollars)." Petitioners lived in the house situated on the described property during the entire year 1947, and Mrs. Tuthill lived in the house for part of the year. In 1947 petitioners paid to Mrs. Tuthill either in cash or by payment of her expenses a total of $3,000 rent. Mrs. Tuthill reported the $3,000 rent received as her sole income for 1947. From *239 this figure she deducted a total of $1,459.95 represented as depreciation, repairs, and other expenses, leaving a reported adjusted gross income of $1,540.05. Itemized deductions aggregating $1,050.07 were subtracted from this latter figure, resulting in a reported net income of $489.98. This amount, less the claimed single exemption of $500, resulted in no reported tax and none was paid. In petitioners' income tax return filed for 1947 there was listed in Schedule B, "INCOME FROM RENTS AND ROYALTIES," a total rent of $1,392 described as the proceeds received from two three-room apartments and a basement in a three-family brick house. Expenses of $2,000 were reported, resulting in the claimed $608 loss. In Schedule G of the return the $2,000 expense item was more particularly described as being two-thirds of $3,000.02 expended for rent, repairs, miscellaneous, fuel, utilities, interest, water and taxes. Some of these same items were listed by Mrs. Tuthill as deductions in her income tax return for 1947. Of the expenses above claimed, aggregating $1,459.95, Mrs. Tuthill paid by her check at least the following: Electricily
$ 87.07
Coal and oil
236.07
Taxes
167.40
Water
48.75
Plumbing
135.00
*240 Of the claimed expenditure for interest amounting to $480.22, petitioner Carolyn Murtha paid part by her check, and Mrs. Tuthill paid the balance by her check. Respondent redetermined petitioners' income tax for 1947 and disallowed the claimed loss of $608 with this explanation: "Loss claimed on Schedule 'B' in the amount of $608.00 on your 1947 Income Tax return has been disallowed since you are not the owner of the property." Opinion The only matters in controversy according to the opening statement on behalf of respondent at the hearing are whether the lease between petitioners and their respective mother and mother-in-law had reality and substance, and whether petitioners actually expended the funds giving rise to the loss claimed to have resulted when rents collected from sub-tenants fell below payments made by petitioners under their own lease. On both issues we conclude, not without some doubt, that petitioners have sustained their burden. Except for the relationship of the parties there would be nothing in the record to cast any doubt upon the validity of the lease although it is true that while $3,600 was called for as the rental only about $3,000 was actually paid. *241 We think, however, that the mother could have enforced the additional payments and that the relationship alone does not justify rejecting the formal contract. Looking at the whole record, we conclude that the lease should be given effect. On the second question, we have the categorical statement of petitioner wife under oath that: "I have got a list of all the expenses on the house. We either paid them directly or we gave my mother the money to make the payments." Unless we are prepared to hold that the witness swore falsely in this respect, there is no support for respondent's position that the funds out of which the payments were made originated with the mother and not with petitioners. In fact, respondent's brief inferentially supports petitioners' position since he requests us to find that Mrs. Tuthill, the mother, "had no income other than the amounts she received from the petitioners due to the lease of the rental property." Since Mrs. Tuthill was the owner of the property, it is not unreasonable that payment for such ownership expenses as real estate taxes and mortgage interest should have been paid by her check. If, in accordance with petitioners' uncontradicted testimony, *242 the funds came to Mrs. Tuthill from them as rent, the mother should have returned them as her own income and this in fact she did. We accordingly conclude that on both of the controverted questions, the evidence supports petitioners' position. In view of a conceded issue, Decision will be entered under Rule 50.